Opinion delivered November 6, 1886.

[No. 2322.]

JOSEPH EICHMAN *v.* THE STATE.

1. APPEAL BOND.—An appeal bond from a justice's to the county court which correctly describes the judgment appealed from as to the number· of the cause, the justice before whom the same was tried, and the amount of the judgment, although it omits the date of the rendition of the judgment, is sufficiently certain to support an appeal.

2. SAME—IDEM SONANS.—*Ichman* and *Eichman* are *idem sonans*, and the use of the one in the judgment and the other in the bond does not con- stitute a misdescription of the judgment.

APPEAL from the County Court of Hopkins. Tried below be-. fore the Hon. J. K. Milam, County Judge.

The appellant in this case was originally convicted in the justice's court for carrying a pistol and a slung shot. His appeal to the county court was dismissed upon the grounds stated in the opinion, from which ruling the appeal to this court was prosecuted.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. On the third day of March, 1886, appellant was convicted of unlawfully carrying on and about his person a pistol and a slung shot, and was fined twenty-five dollars. The conviction was had in a justice's court. Appellant gave notice of appeal to the county court, and filed an appeal bond, which was approved by the justice of the peace. In the county court, on motion of the county attorney, the appeal was dismissed, upon the grounds that the appeal bond did not sufficiently describe the judgment, and also that it misdescribed the judgment appealed from.

We find, upon an inspection of the bond, that it correctly describes the judgment as to the number of the cause, the justice before whom the same was tried, and the amount of said judgment. It does not state the date of the rendition of the judgment, and this omission, it is claimed, renders the description insufficient. In the judgment the name of the defendant is written "Joseph Ichman." In the bond it is written "Joseph Eichman," and this is claimed as a *misdescription* of the judgment.

As to the first objection, we think the description of the judgment in the bond is reasonably certain and sufficient to identify it as the judgment appealed from. (W. & W. Cond. Rep., secs. 358–625–410; 846; 1236.) As to the second objection, we hold that "Ichman" and "Eichman" are *idem sonans*, and therefore there is no *misdescription* of the judgment. We are of the opinion that the appeal bond is sufficient, and that the court erred in dismissing the appeal because of the supposed defects therein; for which error the judgment is reversed and the cause remanded for trial.

*Reversed and remanded.*